UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN KEVIN PERRY,<br><br>           Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br><br>           Defendant. | Case No. 14-cv-01411-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR FEES**<br><br>Re: Dkt. No. 27 |

In this Social Security case, Plaintiff Sean Kevin Perry moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 27.[1]) Defendant Carolyn W. Colvin, the Commissioner of the Social Security Administration ("SSA"), has not submitted an opposition to Plaintiff's motion. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion for fees.

## BACKGROUND

This case stems from Plaintiff's appeal of the SSA's denial of his application for disability benefits for a combination of physical and mental impairments, including: chronic foot drop; asthma; recurrent allergies with sinus symptoms; benign prostatic hyperplasia—a benign increase in prostate size—with lower urinary tract symptoms; a tear of the right talofibular ligament in his right ankle; anxiety; depression; panic attacks; and insomnia. On March 12, 2015, the Court granted in part Plaintiff's motion for summary judgment, denied Defendant's cross motion for summary judgment, and remanded to the SSA for further proceedings, concluding that the Administrative Law Judge ("ALJ") committed legal error by failing to further develop and consider fully the record regarding Plaintiff's mental health. (Dkt. No. 22.) On remand, the ALJ

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

determined that Plaintiff was, and continues to be, disabled as of March 8, 2011, the date Plaintiff submitted his application for supplemental security income. (Dkt. No. 27-1 at 10.) As a result, the SSA awarded Plaintiff past-due benefits, in the amount of $48,968.10, as well as ongoing benefits. (Dkt. No. 27-2 at 2-3.) On June 10, 2016, pursuant to the parties' stipulation, the Court awarded $5,000 in fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 26.) Plaintiff subsequently filed a motion for fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 27.) Pursuant to Plaintiff and his counsel's contingency fee agreement for this case, counsel may seek fees up to 25% of any past-due benefits awarded to Plaintiff. (Dkt. No. 27-3 at 1.) Counsel accordingly requests fees in the amount of $7,242.02; this total represents 25% of Plaintiff's past-due benefits, or $12,242.02, less the $5,000 already awarded to counsel under the EAJA. (Dkt. No. 27 at 8.)

**LEGAL STANDARD**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir.2009) (en banc); *Wells v. Colvin*, No. 12-CV-05287-JST, 2015 WL 4072847, at *1 (N.D. Cal. July 2, 2015).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include

2

analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52; *Wells*, 2015 WL 4072847 at *1.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**ANALYSIS**

The Court finds that Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. The Court notes initially that, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25% threshold permitted under Section 406(b), as the agreement provides that counsel will not ask for a fee of more than 25% of total past-due benefits awarded. (Dkt. No. 27-3 at 1.)

Additionally, the Court finds no evidence in the record that warrants or requires awarding counsel less than 25% in attorneys' fees. There is no indication that counsel provided substandard representation to Plaintiff or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff, succeeding in having the Court remand this matter to the SSA and, there, securing past-due and ongoing benefits for Plaintiff that the SSA had previously denied. (Dkt. No. 27-1 at 6-11.) Further, the amount of time Plaintiff's counsel spent on this case—approximately 40 hours of attorney and law clerk time (Dkt. No. 27-4)—is not out of proportion to the amount of requested fees. *See, e.g.*, *Wells*, 2015 WL 4072847, at *2 (awarding approximately $6,900 in fees, before EAJA fee reduction, for 24 hours of attorney and paralegal time)). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 27-3 at 5.) At that time, the SSA had denied Plaintiff completely of any requested benefits, and counsel could not know that the Court would remand to the SSA for further review *and* that the SSA would thereafter award past-due benefits to Plaintiff.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court hereby GRANTS Plaintiff's motion for fees and awards fees in the amount of $12,242.02 to Plaintiff's counsel, less $5,000, the amount previously awarded and delivered to counsel under the EAJA. Plaintiff's counsel is thus entitled to a net total award of $7,242.02 in attorneys' fees; the SSA shall withhold this amount from the $48,968.10 award of past-due benefits and pay it directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: June 9, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge